UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONAI EL-SHADDAI, aka JAMES R. WILKERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT DOYLE, COMMISSIONER, BOARD OF PAROLE HEARINGS, et al.,<br><br>Defendants. | CASE NO. 1:10-cv-01159-OWW-SMS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT<br><br>(Doc. 13) |

By motion filed July 18, 2011, Plaintiff Adonai El-Shaddai, a/k/a James R. Wilkerson,[1] a prisoner proceeding *pro se*, challenges this Court's July 6, 2010 denial of his application to proceed *in forma pauperis* and August 20, 2010 dismissal with prejudice for failure to pay the filing fee. Plaintiff brings his motion pursuant to F.R.Civ.P. 60(b)(5), contending that the Court erred in concluding that 28 U.S.C. § 1915(g) (the "Three Strikes Rule") barred his proceeding *in forma pauperis*.

**I.   Procedural and Factual History**

On June 30, 2010, Plaintiff filed a complaint alleging civil right violations arising from an alleged misinterpretation of law at his eleventh parole hearing on March 10, 2009. Plaintiff neither paid the filing fee nor moved to proceed *in forma pauperis*. On July 2, 2010, the Court

---

[1] Although Plaintiff consistently uses the name, Adonai El-Shaddai, this Court has previously experienced problems with prison mail delivery in the absence of Plaintiff's former name, James R. Wilkerson, which is the name on record with the California Department of Corrections and Rehabilitation. To ensure timely delivery of correspondence to Plaintiff, the Court includes both names in the caption of this matter.

1

found Plaintiff, who had previously been found to have more than three strikes under 28 U.S.C. § 1915(g), ineligible to proceed *in forma pauperis* and ordered Plaintiff to pay the $350.00 filing fee in full within fourteen days. The order provided that, if Plaintiff failed to timely pay the filing fee, the complaint would be dismissed without prejudice. On August 20, 2010, the Court dismissed this case without prejudice for failure to obey the Court's order to submit the filing fee.

Plaintiff appealed the Court's order to the Ninth Circuit Court of Appeals on September 7, 2010. On September 27, 2010, the Court of Appeals ordered Plaintiff to remit the filing fee or apply to proceed *in forma pauperis*. After Plaintiff failed to pay the filing fee or to apply to proceed *in forma pauperis*, the Court of Appeals dismissed the case for failure to pay the filing fees.

On July 18, 2011, Plaintiff moved to set aside the district court judgment pursuant to R. 60(b)(5).

## II.     Three Strikes Provision

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g). Plaintiff argues that this Court erred in relying on the determination in *Wilkerson v. Prunty* (S.D.Cal. May 13, 2009) (2:08-cv-02429-EFS), that 28 U.S.C. § 1915(g) bars him from proceeding *in forma pauperis*, claiming that the court in that case erred in determining that certain of Plaintiff's prior cases qualified as strikes.

After analyzing at least ten cases, the *Prunty* court concluded that Plaintiff had seven strikes, stating:

> [T]he Court finds that Plaintiff is a vexatious litigant within the meaning of 28 U.S.C. § 1915(g). Plaintiff's *in forma pauperis* status in this case is revoked, and Plaintiff's case is dismissed. Furthermore, **Plaintiff is barred from submitting any future application to proceed *in forma pauperis* in any federal court except in cases alleging "imminent danger of serious physical injury."** 28 U.S.C. § 1915(g).

*Prunty* at *6 (*emphasis added*).

2

Plaintiff now seeks to circumvent the decision in *Prunty*, contending that the *Prunty* court erred in categorizing certain of his earlier cases as "strikes." Reviewing the accuracy of the *Prunty* decision is not this Court's role. If Plaintiff believed the *Prunty* court erred, he needed to appeal the decision to the Ninth Circuit Court, not challenge the decision here.

In any event, Plaintiff's contention that the seven cases counted as strikes in *Prunty* could not be counted as strikes is wrong. In the Ninth Circuit, dismissals entered before enactment of Prison Litigation Reform Act are counted as strikes. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

### III. Conclusion and Order

Pursuant to 28 U.S.C. § 1915(g), Plaintiff was ineligible to bring this action without payment of the filing fee. Accordingly, Plaintiff's motion to set aside the dismissal of his case is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   August 31, 2011**              /s/ Oliver W. Wanger
                                                                    UNITED STATES DISTRICT JUDGE